```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Winegard,<br><br>               Plaintiff,<br><br>–v–<br><br>Crain Communications, Inc.,<br><br>               Defendant. | 20-cv-01509 (AJN)<br><br>MEMORANDUM<br>OPINION & ORDER |

ALISON J. NATHAN, District Judge:

      Plaintiff brings claim against Defendant for discrimination under federal and state law for failing to provide closed captioning in videos on its website. Defendant has failed to appear and Plaintiff now moves for default judgment. For the reasons that follow, that motion is GRANTED.

## I.    BACKGROUND

      The following facts are drawn from Plaintiff's Complaint. Dkt. No. 2. Plaintiff is a deaf individual who resides in Queens County, New York. *Id.* ¶ 4. Defendant Crain Communications, Inc. is a publication company with offices in New York, New York. *Id.* ¶¶ 21-22. Defendant owns and maintains a website with the domain name "www.crainsnewyork.com." *Id.* ¶ 22. The website provides information, videos, and magazines related to real estate, politics and business news. *Id.* ¶ 37. Because Plaintiff is deaf, he cannot access video content unless the voice content is turned into readable content through closed captioning (or the use of an interpreter). *Id.* ¶ 39. The website does not provide closed captioning on most of its videos, and therefore when Plaintiff attempted to access these videos, he was not able to do so. *Id.* ¶ 41-42.

On June 25 and 26, 2019, Plaintiff attempted to access three videos, but was unable to because they did not have closed captioning. *Id.* ¶ 42.

On February 20, 2020, Plaintiff filed a complaint against Defendant on behalf of himself and others similarly situated for claims of discrimination under the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. Dkt. No. 2. Defendant was served on February 28, 2020 and its response to the complaint was due March 20, 2020. Dkt. No. 8. Defendant has failed to appear in this action to respond to the complaint, and the Clerk issued to Plaintiff a certificate of default. Dkt. No. 13. On August 13, 2020, Plaintiff filed a motion for default judgment. Dkt. No. 15.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets out a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *See New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop,* 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Defendant has failed to participate in this action. The Court therefore accepts as true all well-pleaded allegations in the complaint but must still determine whether those allegations establish a "legal basis" for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court thus examines "whether [the] plaintiff's allegations are *prima facie* sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment." *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020). The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  DISCUSSION

Plaintiff brings claims for discrimination under federal and state law and requests injunctive relief and compensatory damages. For the reasons that follow, the Court determines that Plaintiff has established a prima facie case for discrimination under the ADA, NYSHRL, and NYCHRL, and is awarded damages and injunctive relief.

#### A. No Rule 23 Certification

In his complaint, Plaintiff brings claims on behalf of himself and a putative class of all persons who are deaf and hard of hearing in the United States, as well as a subclass of all persons who are deaf and hard of hearing in New York state. Dkt. No. 2 at 26, 27. Plaintiff did not file

a motion for class certification prior to his motion for default judgment, and his motion for default judgment does not address Rule 23 class certification.

While "[t]here is a general principle that factual allegations in the complaint are deemed admitted by the defendant upon default . . . Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions," and thus "[t]he Court cannot permit certification by default." *Telford v. Ideal Mortg. Bankers, LTD.*, No. CV 09-5518, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010), *report and recommendation adopted*, No. 09-CV-5518 JS AKT, 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010) (citing *Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003)). As Plaintiff has failed to file a motion for class certification pursuant to Rule 23, the Court will therefore only consider default judgment for the named Plaintiff.

### B. Liability

#### 1. American with Disabilities Act

The American With Disabilities Act provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish an ADA claim, a plaintiff must demonstrate "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

Plaintiff has established a prima facie ADA claim. First, as Plaintiff is deaf, he has a disability within the meaning of the ADA. *See Martinez v. Cuomo*, 459 F. Supp. 3d 517, 523

4

(S.D.N.Y. 2020).  Second, Defendant's website is "a place of public accommodation." *Roberts*, 542 F.3d at 368.  Following the Second Circuit's decision in *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 1999), where the Court held that the ADA prohibited an insurer from discriminating against customers with disabilities in the sale of insurance policies even though the plaintiff was not challenging the insurer's physical accessibility, many courts in this circuit, including this one, have held that websites qualify as places of public accommodation under the ADA.  *See Dominguez v. New York Equestrian Ctr., Ltd.,* No. 18-CV-9799 (AJN), 2020 WL 5796275, at *2 (S.D.N.Y. Sept. 28, 2020).

Third, and finally, Defendant's website discriminates against Plaintiff within the meaning of the ADA because it denies him full and equal opportunity to use its website.  Defendant is liable "liable for 'discrimination' within the meaning of the ADA if, among other things, it fails to provide 'auxiliary aids and services' to ensure that the disabled are treated the same as other individuals." *Sullivan v. Study.com LLC*, No. 18-CV-1939 (JPO), 2019 WL 1299966, at *3 (S.D.N.Y. Mar. 21, 2019) (42 U.S.C. § 12182(b)(2)(A)(iii)).  Plaintiff has sufficiently alleged that Defendant has failed to do so.  Therefore, Plaintiff has stated a claim for relief under the ADA.

    2.  **State law claims**

Plaintiff also brings the same claim for discrimination under the New York State Human Rights Law.[1]  Because "[a] claim of disability discrimination under the New York State Human

---

[1] Plaintiff purports to bring claims under both the New York State Human Rights Law (NYSHRL) and the New York State Civil Rights Law, but the two are not separate causes of action, as the New York State Civil Rights Law is the provision of the NYSHRL that provides for penalties.  *See Dominguez*, 2020 WL 5796275, at *3 (S.D.N.Y. Sept. 28, 2020) ("The New York State Human Rights Law is composed of the New York Executive Law §§ 292 et seq. (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq. (which provides for penalties).").

Rights Law . . . is governed by the same legal standards as govern federal ADA claims," *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 186 n.3 (2d Cir. 2006) (citation omitted), Plaintiff has stated a claim under the NYSHRL. Additionally, Plaintiff brings a discrimination claim under the New York City Human Rights law. Though unlike the NYSHRL, the NYCHRL requires application of a broader standard than the ADA, the NYCHRL at least covers any conduct that constitutes discrimination under the ADA. *See Loeffler v. Staten Island University Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (the "federal and state civil rights laws" are "a *floor* below which the City's Human Rights law cannot fall."). Therefore, Plaintiff has stated a claim for relief under the NYCHRL as well.

### C. Remedies

#### 1. Injunctive Relief

Plaintiff requests as injunctive relief that the Court require Defendant to correct the access barriers on its website to persons who are deaf. Dkt. No. 17 at 13. The ADA provides a private right of action for injunctive relief. *See* 42 U.S.C. § 12188(a)(2). Defendant is therefore ordered to bring its website into compliance with the ADA and its implementing regulations.

#### 2. Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The court may award only those damages it can ascertain with "reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests $1,500 in compensatory damages under the NYSHRL and NYCHRL. "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Kreisler v. Second Ave. Diner Corp.*, No. 10 CIV. 7592 RJS, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d 184 (2d Cir. 2013). The Court deems $1,000 sufficient because Plaintiff has not established that he was harmed outside of the bare fact of discrimination. *See Panerese v. Shiekh Shoes*, LLC, No. 19CV4061JMAAYS, 2020 WL 7041083, at *2 (E.D.N.Y. Dec. 1, 2020) (determining that a "request for $15,000 is excessive" because Plaintiff had "not established any particular damages as a result of his inability to access the Website.").

### D. Attorney's Fees & Costs

Both the ADA and city law allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f). Plaintiff may therefore recover the costs it incurred int this litigation, including a $400 filing fee and a $109.50 process service fee. Dkt. No. 17 at 17.

For attorney's fees, district courts are to "set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a 'presumptively reasonable fee.'" *Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC*, 688 F. Supp. 2d 216, 222 (W.D.N.Y. 2010) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 117 (2d Cir. 2007)). Plaintiff asserts that $385 is a presumptively reasonable fee for his counsel. As the prevailing rate in the Southern District for ADA cases is around $400, and there are no considerations requiring a significant

7

downward departure from this rate, the Court will consider $385 to be a reasonable rate. *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 495-96 (S.D.N.Y. 2019).

Moreover, the Court must determine that the hours expended were also reasonable. Plaintiff's counsel submitted an invoice of the hours worked on this case at a rate of $385, totaling $3,785. However, the invoices demonstrates that Plaintiff's counsel billed at partner-level rates for time spent e-filing multiple documents. These are "non-legal or ministerial tasks that need not be performed by – or billed at the rate of – a lawyer" of considerable experience. *Harty v. Par Builders, Inc.*, No. 12-CV-2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016). The Court will therefore not grant these hours, for which Plaintiff was charged $192.5. Plaintiff is awarded $3,592.5 in attorney's fees.

## IV.   CONCLUSION

For the reasons above, Plaintiff's motion for default judgment is GRANTED. It is ORDERED that Defendant bring its website into compliance with the ADA and implementing regulations. It is further ORDERED that Plaintiff be granted judgment of $1,000 in compensatory damages for Defendant's violations of the NYSHRL and NYCHRL. It is finally ORDERED that Plaintiff is awarded $509.50 in costs and $3,592.5 in attorney's fees.

This resolves Dkt. No. 15. The Clerk is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: March 30, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge